*Formatted for Electronic Distribution*                                                                                                              *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

| | | |
|---|---|---|
| In re:<br>    Jonah and Lisa Kleinfeldt,<br>                  Debtors. | | Chapter 7 Case<br># 06-10415 |
| Raymond J. Obuchowski,<br>Chapter 7 Trustee<br>                  Plaintiff,<br>    v.<br>Jonah Kleinfeldt, Lisa Kleinfeldt<br>and Linda J. Kleinfeldt<br>                  Defendants | Filed & Entered<br>On Docket<br>July 23, 2007 | Adversary Proceeding<br># 06-1053 |

| | | |
|---|---|---|
| *Appearances:* | *Jennifer Emens-Butler, Esq.*<br>*The Obuchowski Law Office*<br>*Bethel, Vermont*<br>*Attorney for the Plaintiff* | *Kathleen Walls, Esq.*<br>*Glinka & Walls*<br>*Middlebury, Vermont*<br>*Attorney for the Defendants* |

### MEMORANDUM OF DECISION
### GRANTING PARTIAL SUMMARY JUDGMENT
### IN FAVOR OF PLAINTIFF-TRUSTEE

      Jonah and Lisa Kleinfeldt ("the Debtors") and Linda Kleinfeldt (together, "the Defendants") each own a one-third interest in property located at 27 Broadview Estates, Bristol, Vermont ("the Property"). The property is encumbered by two mortgages; the Defendants are jointly and severally liable on only the first mortgage. Raymond J. Obuchowski, in his capacity as the chapter 7 trustee (hereinafter "the Plaintiff"), initiated the instant adversary proceeding to obtain an order (i) authorizing him to sell the Property free and clear of Linda Kleinfeldt's interest; and (ii) limiting the Debtors' homestead exemption in the Property to $50,000, and directing a particular computation of equity and disbursement of the proceeds from the sale of the Property. The Defendants have moved for summary judgment on both counts of the complaint. The Plaintiff opposes summary judgment on the first count of the complaint, asserting that there are material facts in dispute which must be determined before the Court can issue a decision on the issue of whether the Property can be sold free and clear of Linda Kleinfeldt's interest. The Plaintiff agrees that the second count of the complaint is ripe for resolution and has filed a cross-motion for summary judgment on the calculation of equity, the extent of the Debtors' homestead exemption, and the proper distribution of the proceeds from sale of the Property.

      For the reasons set forth below, the Court denies the Defendants' motion for summary judgment on

count I of the complaint (whether the Trustee may sell the Property free and clear of Linda Kleinfeldt's interest) and count II (the proper computation of equity, allowance of exemption, and disbursement of the proceeds from the sale of the Property), and grants the Plaintiff's cross-motion for summary judgment on count II. Accordingly, the Court will enter a scheduling order in connection with the first count of the complaint and enter judgment in favor of the Plaintiff on the second count of the complaint.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding and the motion for summary judgment pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), (O) and 1334. This is a core proceeding.

## THE MATERIAL FACTS

The Parties acknowledge the following facts to be material and undisputed:

1. On September 11, 2006, the Debtors commenced this case by filing Voluntary Petition for Relief under Chapter 7, Title 11 of the United States Code.

2. Raymond J. Obuchowski, Plaintiff, was appointed Interim Trustee of the above-captioned Estate, thereafter qualified, and is now acting as such Trustee.

3. The Debtors are holders of a two-thirds interest in real property located at 27 Broadview Estates, Bristol, Vermont, held as joint tenants with right of survivorship by Quit Claim Deed dated August 13, 2004 and filed for record August 17, 2004 in Book 112, Page 303 of the Bristol Town Land Records.

4. As of the date the filing of the petition, the total property has a grand list value of $196,700.00. The last assessment performed by the Town of Bristol was in 2005.

5. The property is secured by a mortgage deed to TD Bank North, with a remaining balance due on said mortgage and promissory note of approximately $84,950.00. The Debtors are jointly and severally liable for this obligation.

6. The property is secured by a mortgage deed to the Chittenden Bank with a remaining balance due of approximately $34,944.69. Defendant Linda Kleinfeldt is liable for this obligation.

7. The Debtors assert that Linda, Lisa and Jonah Kleinfeldt are residents of 27 Broadview Estates in Bristol.

(doc. # 17). The Parties disagree on the materiality of other facts, as set forth in the discussion of count I.

## LEGAL STANDARD FOR RELIEF BY SUMMARY JUDGMENT

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material.

2

Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See id. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990). Factual disputes that are irrelevant or unnecessary are not material. See Anderson, 477 U.S. at 247. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). Only disputes over facts which might affect the outcome of the suit under the governing law preclude entry of judgment. See Anderson, 477 U.S. at 248.

## DISCUSSION

*Count I: Sale of the Property Free and Clear of Linda Kleinfeldt's Interest*

Count I of the amended complaint (doc. # 10) seeks an order authorizing the sale of the Property under § 363(h) of the Bankruptcy Code.[1] That statute defines the parameters within which a trustee may sell property that is owned in part by a debtor and in part by a non-debtor party. It provides:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h). Neither the answer filed by the Defendants (doc. # 12) nor the statement of undisputed facts (doc. # 17) acknowledges that partition of the Property would be impracticable; that the sale of the Debtors' two-thirds interest would realize significantly less than a sale of the entire fee; or that the benefit to the estate of a sale of the Property free of the interests of co-owners outweighs the detriment, if any, to the co-owners. Moreover, the Plaintiff argues that several other critical facts, including (a) the fair market value of the Property, (b) the balance due on each of the two mortgages against the Property, (c) whether Linda Kleinfeldt has the financial wherewithal to purchase the estate's interest in the Property, and (d) the actual occupancy of the Property, are material and not yet known.

The Court agrees that each of these facts articulated by the Plaintiff is material and must be undisputed

3

in order for summary judgment to be proper. In the absence of a complete factual record on these facts as well as the § 363(h) criteria, the Court finds the record before it to be insufficient to grant the Defendants summary judgment on count I.

*Count II: Proper Computation of Equity, Limitation on Homestead Exemption and Disbursement of Proceeds*

Both Parties seek summary judgment on the second count of the complaint and both Parties premise their arguments on this Court's decision in In re Norton, 327 B.R. 193 (Bankr.D.Vt., 2005). Although the facts in the Norton case are distinct from those at bar, the two salient questions addressed there are also at issue in the instant proceeding. Norton determined how to compute equity under Vermont law where the subject property is encumbered by a mortgage on which both the debtor and a non-debtor owner are jointly and severally liable, and how to determine the extent of a debtor's homestead exemption in property in which she owns only a partial interest. The facts were as follows: Donna Norton and Gerald Dumas owned a homestead property as joint tenants with right of survivorship.[2] The property, valued at $180,000, was encumbered by a $63,539 mortgage. In her Chapter 7 petition, Ms. Norton scheduled her interest in the homestead as $90,000 (one-half of the total fee), included only half of the mortgage debt (approximately $31,770) as an encumbrance against her interest, and claimed a homestead exemption under the Vermont homestead statute in the amount of $58,230.  The trustee objected to the debtor's claim of exemption and to the computation of Norton's equity in the property.

Declaring that homestead exemptions were proportionate to the debtor's ownership interest in the total fee, this Court held that since the debtor owned a 50% interest in the homestead property, her homestead exemption under Vermont law was capped at 50% of the maximum homestead exemption. Id. at 196-197. The Court also held that since the debtor was jointly and severally liable on the mortgage, in the absence of a sale of the property, the debtor's equity in the property was to be computed by subtracting the full amount of the mortgage balance from the value of the debtor's interest in the property. Id. at 198-99.

Starting with the principles enunciated by Norton, this Court holds that since the Debtors own a two-thirds interest in the Property, their homestead exemption is limited to two-thirds of the maximum homestead exemption permitted under Vermont law. Since Vermont law sets the cap for a homestead exemption at $75,000, see 27 V.S.A. §101, the Debtors together are entitled to exempt no more than $50,000 of their equity in the Property.

In reliance upon Norton, the Court also holds that if the Property is to be sold, and the homestead

---

[1] All statutory references herein are to Title 11 U.S. Code (the "Bankruptcy Code") unless otherwise indicated.
[2] Mr. Dumas had previously filed for chapter 7 bankruptcy relief. In that case, he claimed that his one-half interest in the property, valued at $90,000, was encumbered by the $63,540 total amount due on the mortgage (on which he and Norton were jointly and severally liable). He claimed a homestead exemption in the amount of the difference, $26,460. In the Norton case, this Court held that the amount of the homestead exemption that Dumas, the co-tenant, had claimed in his bankruptcy case was of no import in computing the debtor's homestead exemption. In re Norton,  327 B.R. at  199.

4

exemption is to be computed in the context of allocation of the sale proceed, the legal fiction of the joint and several liability of each co-tenant is dissolved and the Court must compute the allocation of net proceeds from a single pot. See Norton, 327 B.R. at 198 (noting that "[a] sale of the property would require the satisfaction of the mortgage debt just once"). This is analogous to extinguishing the legal fiction of a tenancy by the entirety that occurs upon the divorce of two co-tenants who own a property as tenants by the entirety: upon entry of the divorce decree, each co-tenant is defeased of the entirety interest and becomes a joint tenant in the property. See In re Hutchins, 306 B.R. 82 (Bankr.D.Vt., 2004). Therefore, for purposes of computing the estate's equity and the Debtors' exemption, in the event of sale, the amount due on the first mortgage is deducted just once before proceeds are allocated among the three co-owners.

Applying these principles to the instant proceeding, the computation of net proceeds available for the bankruptcy estate must reflect the actual ownership and liability of both the Debtors and the non-debtor. The Court finds neither the proposed calculation of the Plaintiff nor the proposed calculation of the Defendants is correct. Rather, if the Trustee sells the Property, the proceeds available for distribution to the estate would be computed as follows:

1. the starting figure is the sale price of the entire Property;
2. from this figure we first deduct all costs of sale and the closing costs;
3. next we deduct the amount due on the first mortgage, for which all co-owners are jointly liable;
4. these net proceeds are divided by three to fix the value of each co-owner's net interest (or "share");
5. the amount of the second mortgage, on which only Linda Kleinfeldt is liable, is deducted from her share (and to the extent a portion of that mortgage must be paid from the other net proceeds, the estate shall hold a claim against Linda Kleinfeldt);
6. the balance of Linda Kleinfeldt's share is disbursed to her;
7. the Debtors' two shares are consolidated into a single share equal to two-thirds of the total net proceeds;
8. from the Debtors' share we deduct $50,000 for their homestead exemption (plus any other portion of the proceeds the Debtors may be entitled to exempt under the Vermont "wild card" exemption) and disburse that sum to the Debtors as their exempt interest in the Property;
9. the Trustee retains the balance of the Debtors' share, as property of the bankruptcy estate; and
10. the Trustee disburses the estate's proceeds to administrative claimants and unsecured creditors, pursuant to §§ 363(j) and 726.[3]

---

[3] By way of illustration – and using round numbers and presumptions as to exemptions that are by no means intended to reflect any findings of the Court – if the sale price of the Property is $220,000, the amount due on the first mortgage (on which all three Defendants are jointly and severally liable) is $85,000, the amount due on the second mortgage (on which only Linda Kleinfeldt is liable) is $35,000, the total costs of sale equal 10% of the value, and the Debtors have no wildcard exemption available, the computation would result in the following net proceeds for the Debtors, the estate, and non-debtor co-owner:

5

The Court finds this computation and distribution to be consistent with <u>Norton</u> and with the general tenets of the real estate and exemption law of Vermont.

## CONCLUSION

For the foregoing reasons, the Court finds that summary judgment would not be proper in connection with Count I of the complaint and will enter a scheduling order on that cause of action. Additionally, the Court finds that summary judgment is proper on Count II and that the Defendant is entitled to judgment as a matter of law on that cause of action. Specifically, the Court holds that the amount due on the first mortgage must be deducted from the net proceeds of the sale of the entire Property; that one-third of the remaining net proceeds shall be designated as Linda Kleinfeldt's share and must be applied toward satisfaction of the second mortgage to the extent possible (and to the extent a portion of that mortgage must be paid from the other net proceeds, the estate shall hold a claim against Linda Kleinfeldt); that the other two-thirds of the net remaining proceeds shall be designated as the Debtors' share and may be disbursed to them to the extent of any allowed exemptions; the Debtors are entitled to a homestead exemption equal to no more than two-thirds of the maximum Vermont homestead exemption; and that the balance of the Debtors' share constitutes property of the estate and shall be disbursed by the trustee.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

_____

July 23, 2007  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

| | | |
|---|---|---|
| $220,000 | | sale price |
| ( 22,000) | | costs of sale |
| ( 85,000) | | 1st mortgage payoff |
| $113,000 | | net proceeds |
| | $37,667 | value of each co-tenant's net interest |
| | (35,000) | 2nd mortgage payoff – to be deducted *in toto* from Linda Kleinfeldt's net interest* |
| $2,667 | | amount to be disbursed to Linda Kleinfeldt (her "share") |
| | $75,333 | value of the Debtors' preliminary two-thirds interest |
| $50,000 | | amount to be disbursed to the Debtors - their homestead exemption (their "share") |
| $25,333 | | amount to be disbursed by the trustee (the estate's "share") |

\* Since this second mortgage is secured by the Property, it must be satisfied from the proceeds of the sale of the Property as a condition to the transfer of title. Since only one of the co-owners of the Property is obligated on this debt, the full balance due should be paid from the sale of her share. To the extent the sale price does not yield proceeds sufficient to satisfy the second mortgage out of the proceeds allocable to Linda Kleinfeldt's interest in the Property, and therefore a portion of the second mortgage must be paid out of the proceeds from the sale of the other two-thirds interest in the Property, the estate would have a claim against Linda Kleinfeldt.

6