DIST.OF.VERMONT.FILED

2OCT'08AM9:36

U.S.BANKRUPTCY.COURT

BK
AP# 06-1053

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

In re:

JONAH and LISA KLEINFELDT

---

RAYMOND J. OBUCHOWSKI, Trustee of
the Estate of Jonah and Lisa
Kleinfeldt,

    Plaintiff-Appellee,

            v.                  Docket No. 2:07-cv-203

JONAH KLEINFELDT, LISA KLEINFELDT
and LINDA KLEINFELDT,

    Defendants-Appellants.

## MEMORANDUM and ORDER

On September 11, 2006, the Debtors Jonah and Lisa Kleinfeldt filed a voluntary petition for Chapter 7 relief from bankruptcy. Plaintiff Raymond J. Obuchowski was appointed trustee of the estate. The Debtors and Linda Kleinfeldt are each holders of a one-third interest in real property located at 27 Broadview Estates, Bristol, Vermont, held as joint tenants with rights of survivorship by quitclaim deed of Linda Kleinfeldt dated August 13, 2004. The Debtors assert that all three are residents of the property. As of the date of the filing of the petition the property had a grand list value of $196,700.00.

Prior to the transfer, the property was encumbered by a mortgage deed to the Chittenden Bank. This obligation was not satisfied at the time Linda Kleinfeldt transferred the property,

and there is a remaining balance due of approximately $34,944.69 on this obligation. The Debtors did not sign the note or the mortgage deed.

After the transfer, the property was further encumbered by a mortgage deed to TD Bank North, with a remaining balance due of approximately $84,950.00. The Debtors are jointly and severally liable for this obligation.

The Plaintiff initiated an adversary proceeding to authorize him to sell the property pursuant to 11 U.S.C. § 363(h), and to limit the Debtors' homestead exemption in the property to $50,000.00.[1] The Defendants moved for summary judgment on both counts, contending that sale would not benefit the creditors because there is no non-exempt equity in the property, either because both mortgage obligations must first be satisfied before the parties' equity is calculated, or because the Debtors should be permitted their full $75,000.00 homestead exemption. The Plaintiff opposed summary judgment on the first count, and cross-moved for summary judgment on the second.

The United States Bankruptcy Judge issued an Order and Memorandum of Decision on July 23, 2007, denying the Defendants' motion for summary judgment, and granting the Plaintiff's motion for summary judgment on count II. The Bankruptcy Court's ruling construed the cross-motions for summary judgment on count II of

---

[1] The Trustee objected to the Debtors' claim of a homestead exemption with a value of $0.00, and sought clarification of the allowable homestead amount.

2

the amended complaint as seeking a ruling on the application of *In re Norton*, 327 B.R. 193 (Bankr. D. Vt. 2005), to the facts of this case. Applying *In re Norton*, the Bankruptcy Court held that the Debtors' homestead exemption was limited to two-thirds of the maximum homestead exemption permitted under Vermont law, or $50,000.00. The Bankruptcy Court went on to explain the proper computation of the Debtors' equity and the disbursement of proceeds should the property be sold, holding that although the Defendants are jointly and severally liable on one of the mortgages, the amount due would be deducted just once before proceeds would be allocated among them. The Defendants filed a Notice of Appeal to the District Court on July 27, 2007, challenging the hypothetical calculation of equity in the property and the two-thirds limit on their homestead exemption.

Section 158(a) of Title 28, United States Code, gives this Court jurisdiction over appeals from final judgments, orders, and decrees, or with leave of the court, from interlocutory orders and decrees. 28 U.S.C. § 158 (a)(1), (3). An order granting partial summary judgment in an adversary proceeding is not a final order. *See LTV Steel Co., Inc. v. United Mine Workers of Am. (In re Chateaugay Corp.)*, 922 F.2d 86, 89 (2d Cir. 1990) (per curiam). Although the concept of finality in bankruptcy cases "'is more flexible than in ordinary civil litigation,'" *Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 982 F.2d 769, 775 (2d Cir. 1992) (quoting *First Fid. Bank, N.A. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 836 (2d Cir. 1991)), an order

3

that adjudicates fewer than all the claims in a discrete proceeding will be considered a final judgment "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (made applicable in adversary proceedings by Fed. R. Bankr. P. 7054(a)). The Bankruptcy Court's order was not a final judgment or order; consequently the Court lacks jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).

The Court therefore considers the Defendants-Appellants' notice of appeal as a motion for leave to appeal an interlocutory order as permitted by 28 U.S.C. § 158(a)(3). *See* Fed. R. Bankr. P. 8003(c). Leave to appeal, however, is denied.

In determining whether to grant leave to appeal a decision of the bankruptcy court, courts in this Circuit generally apply the standards governing appeals from interlocutory decisions of the district courts set forth at 28 U.S.C. § 1292(b). *See Delta Air Lines, Inc. v. A.I. Leasing II (In re Pan Am Corp.)*, 159 B.R. 396, 401 (S.D.N.Y. 1993). Leave to appeal may be granted if an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion" where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Although it may be superficially appealing to consider the question of any limit to the Debtors' homestead exemption as involving a pure and controlling question of law, in reality the amount of the Debtors' homestead exemption may well be dictated

4

by the amount of equity remaining in the property should it be sold, and sold above a certain price. The question whether the Debtors are entitled to their full $75,000.00 homestead exemption or two-thirds of the exemption may be moot when the adversary proceeding is finally adjudicated.

Furthermore, it is by no means clear that an immediate appeal may materially advance the ultimate termination of the litigation. Although the difference between an exemption of $50,000.00 and $75,000.00 may have some bearing on the calculation of benefit to the estate, *see* 11 U.S.C. § 363(h)(2), (3), the outcome of the adversary proceeding will depend on the resolution of several additional critical facts, such as the fair market value of the property, the balance due on the mortgages, and the actual occupancy of the property. Following an adjudication of the adversary proceeding, the Defendants will then be able to appeal any adverse rulings on the calculation of equity or the homestead exemption with the benefit of a complete record.

Given the "general aversion to piecemeal appeals," *In re Chateaugay Corp.*, 922 F.2d at 90, it does not appear that this is one of those cases in which "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). For the reasons discussed above, the appeal is dismissed.

5

Dated at Burlington, Vermont this 30th day of September, 2008.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, U.S. District Court